**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.   Case No.: 8:17-cr-203-WFJ-CPT

WISTON JOSE SOLIS BENAVIDES
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Wiston Jose Solis Benavides, USM#: 68756-018, filed a *pro se* motion to appoint counsel to assist him in determining whether he was eligible for a reduction in sentence. Dkt. 104. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 10, 2018, Wiston Jose Solis Benavides was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), to two separate counts of conspiracy and possession with intent to distribute five kilograms of more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. He received concurrent 120-month prison terms. Mr. Solas Benvides's total offense level was 31. He was assessed no criminal history points, and his criminal history was category I. Mr. Solis Benavides's advisory sentencing range was 120-135 months, and he received the low end of the guidelines. The low end

of the guidelines was the statutory minimum mandatory. The Bureau of Prisons reports that he is no longer in BOP custody as of October 22, 2024.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Solis Benavides's term of imprisonment to below the statutory mandatory minimum of ten years.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 123. The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Wiston Jose Solis Benavides because he "was sentenced to the lowest permissible sentence." *Id*. This Court provided 21 days for any *pro se* filing, but nothing has been filed. Dkt. 124.

Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not

reduce the 120-month sentence. This case involved a smuggling venture originating in Colombia aboard a go-fast vessel loaded with ten to eleven packages (bales) of cocaine. Upon spotting the U.S. Coast Guard aircraft, the crew of the three co-Defendants in this case jettisoned the bales overboard. The video of the incident reasonably showed a volume of 200 to 220 kilograms of cocaine being dropped into the Eastern Pacific Ocean. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

    Construing Mr. Solis Benavides's *pro se* motion at docket 104 as a motion for a reduction in his sentence pursuant to Amendment 821, his motion is **DENIED**. His sentence remains unchanged.

    **DONE AND ORDERED** at Tampa, Florida on March 26, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**